882 P.2d 1271

**In the Matter of A Member of the State Bar of Arizona Albert R. GAMBLE, Bar No. 007911, Respondent.**

**No. SB–94–0078–D.**

**Comm. No. 92–1207.**

Supreme Court of Arizona.

Oct. 18, 1994.

S. Thomas Chandler, Tucson, for respondent.

P. Michael Drake, Hearing Officer 9G, Tucson.

Yigael M. Cohen, Phoenix, Bar Counsel.

Harriet L. Turney, Chief Bar Counsel.

## JUDGMENT AND ORDER

This matter having come on for hearing before the Disciplinary Commission of the Supreme Court of Arizona, it having duly rendered its decision and no timely appeal having been filed before the Court,

IT IS ORDERED, ADJUDGED AND DECREED that **ALBERT R. GAMBLE,** a member of the State Bar of Arizona, is hereby censured for conduct in violation of his duties and obligations as a lawyer, as disclosed in the commission report attached hereto as Exhibit A.

IT IS FURTHER ORDERED that pursuant to Rule 52(a)(8), Rules of the Supreme Court of Arizona, the State Bar of Arizona is granted judgment against **ALBERT R. GAMBLE** for costs incurred by the State Bar of Arizona in the amount of $1,501.81, together with interest at the legal rate from the date of this judgment.

## EXHIBIT A

### SB–94–0078–D

### *DISCIPLINARY COMMISSION REPORT*

Filed Sept. 9, 1994.

This matter came before the Disciplinary Commission of the Supreme Court of Arizona on July 9, 1994, for oral argument, pursuant to Rule 53(d), Ariz.R.S.Ct. The Commission considered the Hearing Officer's recommendation of suspension in Count Two, and the dismissal of Count One. Both the respondent and the State Bar filed objections to the Hearing Officer's recommendation.

### *Decision*

After consideration of the oral arguments and review of the record on appeal, a concurrence of the entire Commission adopts the Hearing Officer's recommendation that Count One be dismissed, but rejects the recommendation that the respondent, Albert R. Gamble ("Gamble"), be suspended for a period of six months. The Commission recommends that Gamble be censured and placed on probation for a period of two years, under

the terms and conditions set forth below. The entire Commission adopts the findings of fact and conclusions of law of the Hearing Officer.

### Terms of Probation

The Commission recommends that Gamble be placed on probation for a period of two-years, under the following terms and conditions:

1. Gamble shall commit no ethical violations during the probationary period. This term is intended to include any actual finding of an ethical violation during the probationary period. The mere filing of a bar complaint or similar charge against Gamble during the term of probation shall not constitute an ethical violation for this purpose.

2. Gamble or a member of his staff shall respond to client correspondence requesting or requiring reciprocal communication within seven days. Gamble shall be able to document compliance with this term of probation.

3. Gamble shall submit to and cooperate with an audit of his law practice by the Law Office Management Assistance Program ("LOMAP") and such other random audits as may be directed by LOMAP during the probationary period.

4. Gamble shall implement any and all reasonable suggestions made by LOMAP as a result of the initial or any subsequent audit.

5. Gamble shall report compliance with all probationary terms to such person as the State Bar shall designate.

6. Gamble shall pay any and all costs incurred as a result of the probationary terms, including costs incurred for the LOMAP audit.

7. Should Gamble fail to comply with any of the terms of probation, the State Bar shall notify the Hearing Officer in writing, whereupon the Hearing Officer shall conduct a hearing no later than thirty days after Gamble's receipt of the notice to determine whether there has occurred noncompliance and, if so, to recommend an appropriate sanction.

### Facts

The complaint in this matter alleges that Gamble has been previously suspended, and contains two counts alleging misconduct.

The Hearing Officer, after hearing testimony and taking evidence in a two-day hearing, determined that the allegations of Count One were not proven by clear and convincing evidence; therefore, he recommended the dismissal of this count. The Commission agrees, and dismisses Count One.

Count Two concerns Gamble's representation of an inmate at Arizona State Prison. In February 1989, the inmate filed a *pro se* federal civil rights case alleging medical malpractice by a doctor at the Pima County Jail. The inmate sent a letter to Gamble dated September 19, 1989, asking Gamble to represent him in this matter. Gamble responded by letter dated September 21, agreeing to represent the inmate and enclosing a fee agreement for his signature.

The client sent a copy of his case file to Gamble on November 1. Although it is not clear from the accompanying cover letter, it is probable that the client returned the fee agreement at that same time.[1]

After hearing nothing further, the client wrote to Gamble on December 5, 1989, inquiring about the status of the case. Gamble did not directly respond to that inquiry until March 1, 1990, when he next wrote to the client. At that point the client learned that Gamble had not filed his appearance in the case until February 2, 1990.

On February 8, 1990, the defendant filed a motion for summary judgment, based on the fact that the client had no expert testimony on negligence.[2] The defendant mailed the

---

1. The fee agreement is dated October 10, 1989, and was notarized on October 19, 1989.

2. The client testified that he believed that Gamble planned to hire a medical expert in the case.

Gamble apparently did attempt to locate an expert, but was unwilling to advance the cost himself. No expert was ever obtained.

motion only to the client, as he had apparently not yet received Gamble's notice of appearance.

At the time the client received the motion for summary judgment, he had not yet received any response to his December 5 letter to Gamble inquiring about the case. Therefore, the client filed his own response to the motion for summary judgment as well as a cross-motion for summary judgment. The defendant's motion for summary judgment was granted, although that did not resolve the entire case.

On January 29, 1991, the client wrote to Gamble requesting clarification as to who was to pay for deposition transcripts. Gamble did not respond.

In June 1991 the defendant filed another motion for summary judgment on the issue of the statute of limitations. On August 20, 1991, this motion was also granted, thereby dismissing all of the client's claims. Gamble filed a motion for reconsideration, which was denied. Because Gamble failed to inform the client of the denial of the motion for reconsideration, the client was unable to file a timely notice of appeal.

### Discussion of Decision

▇▇▇ The Commission agrees with the Hearing Officer that Gamble failed to act with diligence, in violation of ER 1.3, and failed to maintain adequate communication with his client, in violation of ER 1.4.[3]

▇▇▇ Recommendations of the Hearing [Officer] are entitled to deference and serious consideration. *In re Pappas,* 159 Ariz. 516, 768 P.2d 1161 (1988). This is because the Hearing Officer is usually in the best position to judge and evaluate the evidence, as he conducts the hearing. In fact, in this instance, the Commission has adopted the findings of fact and conclusions of law found by the Hearing Officer. However, the Commission does not agree with the Hearing Officer's conclusion as to the sanction that should result from the misconduct found. Particu-

larly in situations where the Commission disagrees with the Hearing [Officer's] recommendation, the Court considers the ABA Standards to assist in its determination of the appropriate sanction. *In re Arrick,* 161 Ariz. 16, 775 P.2d 1080 (1989). The Commission has used the same guideline it its determination that censure, rather than suspension, is adequate here.

Standard 4.4 addresses lack of diligence, which is at the heart of the misconduct at issue. Standard 4.42, which the Hearing Officer relied on in his recommendation, provides for suspension when a lawyer knowingly fails to perform services for a client or engages in a pattern of neglect, and causes injury or potential injury to a client. Standard 4.43 provides for reprimand (censure in Arizona) when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. Apparently, the crucial difference between Standard 4.42 and Standard 4.43 is the mental state of the respondent.

A review of the entire record on appeal leads the Commission to conclude that Gamble's misconduct was done negligently, rather than knowingly. There is no question that Gamble should have maintained better and more frequent communication with his client, including keeping him apprised, even minimally, of the status of his case. According to Gamble, however, his failure to do so was not intentional. Gamble testified that he waited until February to file his notice of appearance in the case as he was awaiting receipt of the signed fee agreement from the client; while it appears that the client returned the fee agreement in early November 1989, Gamble states he did not receive it until late January or early February 1990. In addition, while the client apparently never received notice that the court had denied Gamble's motion for reconsideration, both Gamble and his secretary testified that a copy was sent to the client immediately upon receipt. Both Gamble and his secretary testified that Gamble's law offices had recurring problems

---

3. Although the complaint also alleged lack of competence, in violation of ER 1.1, the Hearing Officer found this was not proven by clear and convincing evidence. The State Bar conceded this.

with mail delivery. While these explanations do not excuse Gamble's oversights, they do support his statements that his lack of diligence was inadvertent.

Based upon this testimony, and the fact that Gamble had nothing to gain by delaying the case, the Commission believes that Gamble's lack of diligence and failure to communicate was the result of negligence. Therefore, censure is appropriate.

The Commission also reviewed the applicable aggravating and mitigating factors, as listed in Standards 9.22 and 9.32, respectively. In aggravation, as indicated above, Gamble was previously suspended for a federal tax misdemeanor conviction. In addition, he has substantial experience in the practice of law, having practiced in Ohio since 1951 and having been admitted to practice in Arizona in 1970. Although the Hearing Officer found no factors present in mitigation, the Commission finds a number are applicable. Gamble had no dishonest or selfish motive; he has made full and free disclosure to the disciplinary board, showing a cooperative attitude toward the proceedings; and his prior suspension is remote in both time and subject matter.

Having found the aggravation and mitigation to balance, the Commission is further convinced that a censure is appropriate. In addition, the recommended probationary terms have been created specifically to assist Gamble in avoiding any future problems of a similar nature.

/s/ Steven L. Bossé

STEVEN L. BOSSÉ,
Chairman
Disciplinary Commission